UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DEMAJIO JEROME ELLIS,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN ENGLISH, et al.,<br><br>Defendants. | CAUSE NO. 3:25-CV-1051-GSL-JEM |

ORDER

Before the court are three motions filed by Demajio Ellis, a prisoner without counsel. (ECF 43, 44, 45.) First, he moves for appointment of counsel. (ECF 43.) Unlike in a criminal case, "[t]here is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) (citing *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007)). Instead, "the assistance of a pro bono lawyer in civil litigation is a privilege." *Cartwright v. Silver Cross Hosp.*, 962 F.3d 933, 937 (7th Cir. 2020).

The Seventh Circuit has instructed that when a request is made for pro bono counsel, the court is to make the following inquiries: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 654. Deciding whether to recruit an attorney is a "difficult decision," because "[a]lmost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases." *Olson*, 750 F.3d at 711.

On the first prong, Ellis does not address what efforts, if any, he has made to find an attorney on his own. He has not demonstrated that he made a reasonable effort to obtain counsel on his own or that he has been effectively precluded from doing so.[1] His motion will be denied without prejudice. He may renew his motion after he attempts to contact at least ten attorneys or legal organizations to request that they represent him in this case. For his convenience, the clerk will send him free copies of the screening order to include with his letters. He must wait at least 30 days for any responses and should list the names of the attorneys or organizations he contacted in any renewed motion that he files.

Next, Ellis moves "for physical and mental examinations." (ECF 46.) Although unclear, he may be asking for discovery under Federal Rule of Civil Procedure 35.[2] *See* Fed. R. Civ. P. 35. This case has not yet proceeded to merits discovery because Defendants have moved for summary judgment arguing that Ellis did not exhaust his administrative remedies before filing suit in accordance with 42 U.S.C. § 1997e(a). (ECF 35.) Exhaustion is a "preliminary issue for the court," *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015), and discovery is not the norm when a motion for summary judgment arguing lack of exhaustion is filed. *See Pavey v. Conley*, 544 F.3d 739, 742 (7th

---

[1] The court is cognizant that this lawsuit is about the medical care Ellis is receiving for several conditions, including mental health concerns. Notwithstanding any impairments he may have, he has shown himself to be a capable litigant to date, preparing and filing a variety of motions, letters, responses, and other documents. He appears fully capable of writing brief letters to attorneys to request their representation, and the inclusion of the screening orders should help focus the attorneys' inquiry.

[2] The court notes that Ellis previously moved for a preliminary injunction related to his medical care, but the District Judge denied the motion after briefing. (ECF 24.)

Cir. 2008). Ellis' request for discovery does not relate to the exhaustion issue, and he already filed a response to the motion for summary judgment. (ECF 41.) Permitting him to conduct merits discovery at this stage would be improper. *See Geiger v. Aetna Life Ins. Co.*, 845 F.3d 357, 365 (7th Cir. 2017) (court has "broad discretion to limit and manage discovery under Rule 26 of the civil rules"). The motion will be denied.

Finally, Ellis moves for leave to amend his complaint. (ECF 44.) "Leave to amend is to be 'freely given when justice so requires.'" *Liu v. T&H Machine*, 191 F.3d 790, 794 (7th Cir. 1999) (citations omitted). However, "that does not mean it must always be given." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). "[C]ourts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Id.*

Ellis is proceeding on claims against several Indiana Department of Correction ("IDOC") employees in their individual capacity for denying him medical care in violation of the Eighth Amendment, and against the Warden of Miami Correctional Facility ("MCF") in his official capacity for prospective injunctive relief to remedy an alleged Eighth Amendment violation. (ECF 7.) His motion is somewhat confusing, but it appears he wishes to change or add certain parties as Defendants. It would be futile to permit the amendment, however, because he has not submitted a proposed amended complaint. Instead, it appears he wants to amend merely by editing the list of Defendants within his motion. The Local Rules do not permit him to amend his complaint in this piecemeal fashion. N.D. IND. L.R. 15-1. He is expected to follow

applicable procedural rules even though he is proceeding without counsel. *See McCurry v. Kenco Logistics Servs., LLC*, 942 F.3d 783, 787 (7th Cir. 2019). Furthermore, he expresses concern that there is a new Warden at MCF, but even if this accurate, he does not need to file an amended complaint for that reason. If the Warden is replaced, the new Warden is automatically substituted as a party since Ellis is proceeding against the Warden in his official capacity. Fed. R. Civ. P. 25(d). The motion to amend will be denied.

For these reasons, the court DENIES the plaintiff's motion (ECF 43, 44, 46) as outlined, and DIRECTS the clerk to send the plaintiff ten copies of the screening order (ECF 7).

SO ORDERED on this 14th day of October, 2026.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record
Plaintiff, *pro se*