UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DEMAJIO JEROME ELLIS,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN ENGLISH, et al.,<br><br>Defendants. | CAUSE NO. 3:25-CV-1051-GSL-JEM |

OPINION AND ORDER

Demajio Jerome Ellis, a prisoner without a lawyer, is proceeding in this case on two claims. First, he is proceeding against Warden Brian English, Unit Team Manager Nathan Angle, Classification Specialist Worden, Counselor Hurshburger, and numerous medical professionals "in their personal capacity for money damages for denying him medical care, supplies, and a bottom range pass in violation of the Eighth Amendment[.]" ECF 7 at 11. Second, he is proceeding "against the Warden of Miami Correctional Facility in his official capacity for injunctive relief to remedy an alleged Eighth Amendment violation[.]" *Id.* Warden English, Unit Team Manager Angle, Classification Specialist Worden, and Counselor Hurshburger (collectively, the state defendants) filed a motion for summary judgment, arguing Ellis did not exhaust his available administrative remedies before filing this lawsuit. ECF 35.[1] Ellis filed a

[1] The medical defendants have not moved for summary judgment.

response, and the state defendants filed a reply. ECF 41, 42. The state defendants' summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999); *see also Chambers v. Sood*, 956 F.3d 979, 984-85 (7th Cir. 2020). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) (citation omitted). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id*. But inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). When prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered available. *Id*.

During all relevant times, an Offender Grievance Process was in place at Miami Correctional Facility (MCF) which required inmates to complete three steps before filing a lawsuit: (1) a formal grievance; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. ECF 35-1 at 2; ECF 35-2 at 3. Specifically, an inmate must submit a grievance to the grievance office within ten business days of the incident giving rise to the complaint. ECF 35-2 at 9. Once an inmate submits a grievance, the Grievance Specialist "must either return an unacceptable form or provide a receipt for an accepted form within ten (10) business days of receipt." *Id*. "If an offender does not receive either a receipt or a rejected form from the Offender Grievance Specialist within ten (10) business days of submitting it, the offender shall notify the Offender Grievance Specialist of that fact (retaining a copy of the notice) and the Offender Grievance Specialist shall investigate the matter and respond to the offender's notification within ten (10) business days." *Id.* The Grievance Specialist

attests that Ellis has submitted numerous grievances at MCF, but he never submitted any grievance related to his claim in this lawsuit regarding the lack of mobility aids or a bottom range pass. ECF 35-1 at 6-7.

In his response, Ellis concedes he never fully exhausted any relevant grievance. The court therefore accepts that as undisputed. Instead, he argues his administrative remedies were unavailable because he submitted relevant grievances which were ignored by the grievance office. ECF 41. He attests: "I did file grievances, and requested appeals and filed classification appeals that went ignored this facility choose which to answer and log and ignore." ECF 41-1 at 2.

Here, accepting as true that Ellis submitted relevant grievances which were ignored by the grievance office, the undisputed facts show he still had administrative remedies available to him which he did not exhaust before he filed this lawsuit. Specifically, when an inmate receives neither a receipt nor a rejected form within ten business days of submitting a grievance, the Offender Grievance Process requires him to notify the Grievance Specialist of that fact. ECF 35-2 at 9. Ellis does not argue or provide any evidence he complied with this requirement, which is a necessary step to fully exhaust a grievance. *See Lockett*, 937 F.3d at 1027-28 (holding that an inmate who received no receipt for his grievance appeal failed to exhaust the available procedure for inquiring about its status); *Rambo v. Smiley*, No. 3:18-CV-740-JD-MGG, 2020 WL 1157865, at *4 (N.D. Ind. Mar. 10, 2020) (granting summary judgment to the defendant because the inmate did not provide evidence he notified the Grievance Specialist he did not receive a response to his grievance).

Accordingly, construing the facts in Ellis' favor and accepting as true that he submitted relevant grievances which were ignored by the grievance office, he provides no evidence he exhausted his available remedy to notify the Grievance Specialist of the lack of response to these grievances. The state defendants have therefore met their burden to establish that Ellis did not exhaust his available administrative remedies before he filed this lawsuit. Summary judgment is warranted in favor of the state defendants, and Ellis' claim against them will be dismissed without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

For these reasons, the court:

(1) GRANTS the state defendants' motion for summary judgment (ECF 35);

(2) DISMISSES Warden Brian English,[2] Unit Team Manager Nathan Angle, Classification Specialist Worden, and Counselor Hurshburger from this lawsuit; and

(3) REMINDS the parties this case is now proceeding only on Ellis' remaining claims:

a. against Nurse Sherry (last name unknown), Ms. McAmis, Ms. Rivals, Ms. Ivers, Dr. Myers, Dr. Kuenzli, Nurse Scott, Ms. Fairchild, Ms. Rodgers, and Ms. Ballard (first names unknown) in their personal

[2] This dismissal applies to Warden English only in his personal capacity. The Warden of Miami Correctional Facility remains a defendant in his official capacity to ensure that any injunctive relief warranted by Ellis' remaining claims against the medical defendants is carried out. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).

capacity for money damages for denying him medical care, supplies, and a bottom range pass in violation of the Eighth Amendment; and

b. against the Warden of Miami Correctional Facility in his official capacity for injunctive relief to remedy an alleged Eighth Amendment violation.

SO ORDERED on October 22, 2026

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT